RECEIVED
FEB 28 2022
BY MAIL

FEDERAL DISTRICT COURT
FOR THE EASTERN DISTRICT
STATE OF MISSOURI

| | |
|---|---|
| EDGAR VERNELL FUTRELL ) | |
| PLAINTIFF, ) | |
| ) | CAUSE NUMBER _____ |
| ) | DIVISION _____ |
| VS ) | |
| ) | |
| ST. LOUIS CITY METRO POLICE DEPARTMENT ) | |
| CHIEF JOHN HAYDEN ) | |
| DEFENDANT, ) | |
| POLICE OFFICER ABOUBMKR OMAR AHMAD ) | |
| DEFENDANT, ) | |
| OFFICER HILL DEONTE E. ) | |
| DEFENDANT, ) | |
| OFFICER NATHANIAL TALLEY   DEFENDANT, ) | |
| Det. ADAM NOTCH DEFENDANT, ) | |
| ST. LOUIS MTEROPLITAIN POLICE DEPART ) | |
| INTERNAL AFFAIRS DIVISION & CIVILLIAN ) | |
| OVERSIGHT BOARD- TONYA PORTER ) | |
| DEFENDANT ) | |

**DELIBERATE FALSE/MISLEADING POLICE REPORT AND POLICE MISCONDUCT UNBECOMING A POLICE OFFICER.**

Statement of fact:

COME NOW the Plaintiff Edgar Futrell Pro se as a Forma Pauperis in the above captioned cause of action against Police officer Aboubmkr and officer Hill that can be better identified by the report number 21-051390 with Officer John Hayden as their chief commanding officer acting in their official capacities with deliberate negligence and "disrespect" when they disregarded the "duties of a Police officer and even more egregious making insubordinate comments regarding the chief prosecutor at the scene of a crime who happens to be the

conduit, a very intricate piece, the bridge, the engine that make the criminal process work " in that on November 10, 2021 Officer Aboubmkr stated "whether we walk through the premise are no our prosecutor is not going to prosecute", that sent chills through my spine to think the police had the audacity to stand before the victim and utter insulting language that can only be identified as a representations of sabotage or mutiny; the plaintiff was dismayed, bottom jaw disconnecting in awe, overwhelmed to witness these officers actually denying Mr. Futrell's due Process".

The Police didn't come on the porch until the plaintiff said "you can rest a sure the chief prosecutor will hear about this; refusal to walk through Mr. Futrell's premise after being called for a burglary that had been committed, that's policy... how could it be possible to retrieve 1st hand information if the police never took the time out to walk through the property. It is considered in my thinking second hand information when retrieving information from the victim when there is an opportunity to gather the best evidence whereby the police witnessing the crime scene for himself with the victim chaperoning to articulate the damages. The officer's personas were incredible. It didn't stop there the nightmare continues, the dispatch personnel continued to send the same insubordinate police to the plaintiff's home on November 10,11, 12, 13, 14, and on the 15 day a burglary was again committed an this time a different office arrived. To think these officers violated protocol in the first report and fail to write three other reports for the 11, 12, 14th to think he had the audacity to return; he and his partner fail to enter the premise, and on the 13th the same officer arrived with a sergeant too fail to take possible

lead information from victim, When a bad actor failed to write three police reports for the times they came out to the burglary scene is incredible. The moment this dawn on Mr. Futrell he instantly knew there wasn't going to be any justice in this case at least not at this level.

Officer Aboubmkr police report was a flagrant misstatement that failed to describe the crime scene. In his police report it reads as follows: "Futrell evicted a tenant the day prior on November 9, 2021 and left the address above at approximately 1200 hours with all the property still at residence. Futrell returned on November 10, 2021 at approximately 1243 hours and discovered an unknown person forced open the back door entry into the residence. The suspect removed (5) window air conditioner units, (1) stove, (1) refrigerator and the basement water pipes to be damaged causing the basement to flood." Quite different, the property taken was taken prior to November 9, 2021 not the next day on November 10, 2021 as stated in his report; the report makes mention of the unknown person which was also a false statement because the victim knew who the suspects were and told the police; the police never made mention of all the damaged wiring in the home destroyed from a diabolical persons mind set, the perpetrator literally tore open walls to get to the wiring, cut open all the plug outlets and light fixture to cut the wiring, the walls were ripped open from top floor to the basement, the bathroom vanity and face bowl busted, basement windows broken, two sunk pumps lines destroyed to prevent the pumps from working, kitchen sink taken, furnace destroyed and more; Plaintiff believe the police officer report would have been better descripted if he would have of walk through the premise;

even worse it was explained to them about the ripped wiring, all of the plumbing ripped out, bath room ripped apart and all the other destruction but he never took noted. Mr. Futrell explained basically most of the damages to he and Officer Hill and they both hit ignore. The officer had the audacity to render an assessment of the damages in his false report was implausible. It would be impossible to give a fair assessment without first knowing what took place inside this gutted out home. Moreover, Officer Hill was a reporting officer as well and he failed to write a supplemental report or step up when his fellow officer steadfastly refused to come inside the dwelling and Hill followed his lead. This is an obstruction of justice...

Officer Aboubmkr came to the plaintiff's home four (4) times via a burglary calls from November 9 through 14th 2021; there was only one report written. This officer even alleged the dispatch radio assignment was "for a Suspicious Person located at 4016 Cottage" when is fact it was a call for a burglary. This officer's act of falsely reporting the dispatcher's assignment or misleading the detective department to think the appliances were taken the day after the eviction and not prior to the eviction. The Plaintiff's true caption of the event of would have warranted immediate arrest while the police officers false statement make it appear as though there was not enough evidence to arrest or charge anyone. The officers exhibited signs of indifference and obvious problems with the chief prosecutor but to add the victim into the equation the plaintiff thought was ridiculous.

Another miscarriage of Justice on November 15, 2021 at approximately 6:00 pm another break-in at 4016 Cottage Avenue, the plaintiff contacted the police department to report the crime and upon arrival the plaintiff thought he'd gotten lucky because they sent a different officer.

He introduced himself as officer Talley and the plaintiff began to explain how disingenuous it was to have told the sheriff and the 1st police that appliances were taken from my proper prior to the tenants being evicted, I further told officer Talley the other police didn't go in the premise to see for themselves what had taking place in so much as damages. He then told the plaintiff "the other police dropped the ball but he assures the plaintiff that he wouldn't. He made a good first impression but it lapsed; we proceeded to walk through the property starting with the 1st floor then to the basement; we never made it upstairs to witness those damages due to a dispatch call involving a shooting; at that moment his investigation abruptly ended with the plaintiff.

He said there had been a shooting and that he had to go assist. Before leaving he promised he would call the plaintiff later to further talk about things that occurred. In Mr. Futrell's thinking his crime had been depreciated, not treated fairly, and the importance minimized and grossly miss-handled inviting discrimination, bias & prejudice to play a role because it was categorically as insignificant when a shooting occurred. It is a violation of the police handbook manual, policies and procedure written "when writing a police report you must write a full, complete and accurate report that clearly describes the scene of the crime" therefore it is a violation to write only snippets of what occurred at the crime scene; officer Talley also evaded the scene of the crime for a bigger fish failing to complete his report or investigation. It is not police practice to run to another crime scene before completing the current investigation; the report is incomplete and an in complete report is a violation of the law.

There is a "racial epidemic in the police department that need flushing out, with a highly prejudicially disgusting twang that is upsetting the stomach of the American people,

this corruption must be addressed otherwise Anarchism stands on every corner waiting for its opportunity. An officer shouldn't fail to write a police report even on a dare.

The Plaintiff would like to utilize Officer Nathaniel Talley police report to further emphasize officer Aboubmkr deliberately, yet significantly failed by writing a misleading, incomplete police report and committing a false reporting. In that, On November 15, 2021 I officer Nathanial Talley, DSN 12305, received a radio assignment for a Burglary prior at 4016 Cottage. Upon arrival, I met with the victim Edgar Futrell, who informed me of the following. Futrell stated he left his rental property at 1pm on 11/15/21, and returned the following day at 4pm to discover the back door of his residence was kicked in and the inside ransacked. Futrell plumbing. I observed the front door secured from the outside. I observed the rear door forced in, the frame and door both broken. I observed the house to be empty of all furniture and major appliances. I observed wires lying on the ground and expose wires from the wall that was attached to wall heaters. I observed PVC pipe pulled from the interior of the wall and laying on the ground, the wall ripped open. I observed the hot water heater moved and shifted from its place in the basement. An area canvas was conducted for witnesses or surveillance cameras, but was unsuccessful. It should be noted a kicker was created relative to the incident and a prior incident reported on 11/9/21 CN# 21-051390. This testimony of what occurred proves the other officer failed to walk through the home, he would have given a better description of what actually occurred; nevertheless, officer Talley dropped the ball as well by fabricating information when stating he canvas the area for witnesses or surveillance cameras.

To the contrary, he was dispatched to a random shooting and didn't have time to canvas or search for Witnesses, failed also to write a full and thorough report and insubordinately leaving one scene of a crime to attend another without first completing his obligation to the first victim in distress; the plaintiff found that to be inappropriately handled, an abusing his authority under the color of law thus violated plaintiff's equal protection of the law guaranteed by the 14th amendment. By law his situation was just as important as any other case. The police actually assisted in the perpetration of a crime by acting with deliberate negligence stating in his police report "the appliances were not missing until the following day after the eviction" to the contrary, the appliances were in fact missing prior to the eviction on November 9. 2021.

The case was later transferred to the detective department to a Mr. Notch who never took up any of the leads or facilitate an investigation; in that he was told Det. Notch his property was taken by the tenants prior to them moving out of the home, that was at least enough evidence for questioning but it goes further, Det. Notch was also told there was a hammer and garden tool used to snip all the wiring and video at two churches located adjacent from one another with a clear view of my home, and that the home was broken into the very same day by the tenant who had left a micro wave oven and also that instance took the last remaining window AC unit (That's circumstantial) enough to at least pull a person in to talk; I supplied him with a phone number, address and the pastor's names, He never communicated with me or the Pastor concerning an update or reviewing the video in the case.

The plaintiff decides to go a step further so he filed a Joint Civilian Complaint to the SLMPD Internal Affairs Division & Civilian Oversight Board on or about November 25, 2021 now to date Mr. Futrell believe he has given the shaft because the oversight Board has had ample time in which to make a decision whether to punish these police officer with included an un-named sergeant who accompanied officer Aboubmkr also fail through the crack because he too failed to walk through the premise after a burglary was committed instead he only gave scenario why there is not enough evidence to prosecute?

Every diligent effort was made to reach out to Chief John Hayden and the Public Safety Director Mr. Dan Isom regarding this matter and to no avail; the plaintiff never received a return call from neither party.

Civilian Oversight Board responsibility:

"Aggrieved parties may file a complaint against a St. Louis Police Department law enforcement officer regarding alleged misconduct, excessive use of force, abuse of authority, sexual harassment, discourtesy, racial profiling, or use of offense language, including but not limited to, slurs related to race, ethnicity, religion, gender sexual orientation, gender identity, immigrant status and disability. An aggrieved party is an individual whose rights have been violated and becomes a complaint once they have submitted a complete and signed form regarding a specific incident. Personal information will not be disclosed to the public unless required by law. All completed forms and any additional information provided will be shared in duplicates with the SLMPD Internal Affairs Division."

The department has made mockery of the plaintiff's concerns by making no effort to resolve the matter. As noted the officers clearly committed an abuse of authority, slurs {were} related to race when mentioning they had no regard for the prosecutor so much so they refuse to forward the complaint for prosecution, and a misconduct that represents sabotage whereby failing to write several police reports created a deliberate negligence unbecoming an officer of the law. It is for this absurd reason the Oversight Board is being charged as acting with another according to Miller Vs Whaley 581 S W 2d 916 for its failure to investigate police.

"the Civilian Oversight Boards troubles didn't start with Mr. Futrell it began in 2016. "The civilian oversight Board would oversee the office of public accountability; the oversight board was set up after the Ferguson 2014 events in Ferguson to provide more civilian involvement in investigations. That board has fallen short. It did not review any of the 21 police killings in St. Louis from 2016 through 2019, nor hasn't considered 96% of nonlethal police abuse complaint filed by citizen. Cases are prioritize not only by the board based on the style of the criminal offense committed and if they haven't review police killings" since 2016. Where does the plaintiff case fit into this collection of unresolved mysteries? Bottom line they are not reviewing cases in a timely manner which in itself is a violation of Miller Vs Whaley 586 SW 2d 916 that says "no officer or {member of enforcement} shall bring any disgrace to the department; moreover, no police shall fail to report or falsify a police report." This is a clear violation of the plaintiff's 14th amendment equal protection of the law.

9

The civilian Board should be held accountable considering the authority and leverage possessed by them to make significant changes in the department with regard to police corruption. In fact, "Mayor Tishaura Jones had to issue an executive order at the start of her term this spring to make sure the complaints filed with the police department got to the civilian oversight board previously most had not." (Emphasis supplied here)The reason for accurate police reporting: 1) investigative records: play a very significant role in police reports and prosecutors defense attorneys and other law enforcement agencies by providing records of all investigations and serving as a source documents for criminal prosecution as well as documenting agency action. 2) Court preparation: Police reports assist officers prior to or during court appearances by refreshing the officer's memory before testifying, or preparing to provide hearsay testimony at a preliminary hearings. And 3) civil liability assessment: police reports are essential for risk managers, insurance companies and civil right litigations attorneys for use in determining potential civil liability by documentation events used as accident or injuries as well as presenting justification for an officer's behavior or actions in a civil complaint or lawsuit against the department. The importance of an accurate and descriptive full report is extremely essential to the case and the police officer's in Plaintiff's case failed by improvising and false reporting.

A police officers duty:
Is to (1) obtain and secure search warrants for arrest, searches and other purposes, (2) arrest people suspected of committing crimes, (3) collecting and securing evidence from a crime scene, (4) observe the activities of suspects,

10

and (5) write detailed reports and fill out forms; all of which are in violation of the Plaintiff constitutional right to his 1st, 5th, and 14, amendment and the united States Constitution that guarantees equal justice under the color of law for all and with emphasis supplied see: direct violation of the Miller Vs Whaley @ 581 sw2d 916. {It is unconstitutional to deny equal protection of the law to every naturalized citizen of the United States of America}.

It would be a travesty to not report this disgraceful experience that totally devastated the plaintiff and his wife lives; it was on November 9, 2021 at approximately 1:00pm on our 30th wedding anniversary turned out to be the worst day of Mr. Futrell and wife life;

when the sheriff's department arrived to evict Miss. Ashley Edwards from the premises located at 4016 Cottage Ave at approximately 1:00pm The instant they arrived it was noted that Ashley Edwards had taken the Plaintiff's stove, refrigerator, and four window A C units from the windows and the Sherriff quieted me and said "you know how to handle this"; The plaintiff was in awe assuming the sheriff would write a report; however, the tenant continued moving stuff out of the home until landlord finish putting the locks on the doors to secure the property; soon after the sheriff's department left the premise the tenant doubled back breaking into the home to retrieve her micro wave oven and the 5th window AC unit from the kitchen window. However, after this was learned the same day on November 9, 2021 at approximately 6:00pm when returning back to the property to make sure they wouldn't return.

11

They did not surprise the plaintiff, the burglary continued over the course of the next five days from November 9 thru 15 every day and each time there was a much different experience but there was only two reports written.

We called the Police, officer Aboubmkr and officer HILL arrive and we explained to them a reiteration of what we had told the Sherriff's department earlier, "that the tenant had taken our stove, refrigerator, and four window A C units and the reason for this call is because they broke back into the home to retrieve their left micro wave oven and the last window A C unit from the kitchen window". The police responded "we don't have any proof" the Plaintiff reiterated, I told you the tenants were living in the home during the time these items came up missing; therefore there is no one else to liable for the missing items, in furtherance, the tenant never called the police to report a burglary had been committed so they are responsible. They just shrugged their shoulders. So I then ask them to come inside to view all the damages and they told me" that it wouldn't be necessary we can just take notes" The Plaintiff again responded by telling the officer it is to my understanding a police officer's job is to gather the best evidence for his report and not the word of a citizen. Evidence is considered secondary when there is an opportunity for the officer to view the fact through his own lens. For instance, they never retrieved the hammer that was used to destroy the walls trying to find electric lines, a garden tool used to clip all the wires, video surveillance footage from two churches that line adjacent from one another and more.

Emphasis supplied here: "Message from the Attorney General" what a police investigation should look like; "Action taken at the outset of an investigation at a crime scene can play a pivotal role in the resolution of a case. Careful, thorough investigation to ensure that potential physical evidence is not tainted or destroyed or potential witnesses overlooked". That is a logical description of what a police officer should do. "Conduct a thorough investigation". Likewise, if police officers see something as an officer he should be obligated to something like in the George Floyd case. (Police misconduct) Police have come to a place of complacency with relaxing the fundamental rules of policy and procedure on reporting and investigations.

## JURISDICTIONAL STATEMENT

The plaintiff Edgar Futrell is a citizen of the United States, The burglary in question happened in the City of St. Louis moreover, under the 1st and 14th amendment he has a right to petition the court when life liberty or property is in violation.

Police misconduct supporting case and statue:

1). Jason Stockly killed by a police officer swearing to kill him and he did afterwards writing a false report stating self-defense.

2). Breonna Taylor a black medical worker fatally shot and killed in her Louisville Kentucky apartment on March 13, 2020 when white officers Jonathan Mattingly, Brett Hankison and Myles Cosgrove during a botched raid on her apartment; Detective Myles Cosgrove, one of the offocer's who shot Ms. Taylor, and detective Joshwa Jaynes, who prepared the search warrant for the raid, received letters of termination in late December and officially fired Jan. 5 2021.

3). John Spencer case: finger print from items he touched during booking, they added those fingerprints to the evidence card for evidence found at the crime. (False reporting)

4). Rachelle Jackson case: accused of stealing an officer's gun when pulling him from a burning car. (False reporting and coercion)

5). Officer Eddie Boyd a St. Louis officer pistol whipped a 12 year old, struck a child in the face in 2007 and falsified the report.

6) George Flyod was killed in 2020 by Derek Chauvin who kept his knee on his neck for approximately 8 minutes and other police witness the abuse and did nothing to stop it.

7) Rodney King's beating

8). Walter Scott an unarmed black man killed after being pulled over for a broken tail light.

9). the death of Eric Garner: On July 17, 2014 he was killed in New York by putting him in a prohibited chock hold that alternately ended his life. This was clearly excessive force and convenient abuse of power. And

10). Police misconduct: Officer Katlyn Alix 24 was shot to death by a fellow officer during a Russian Roulette-type incident in 2019, the officer gets 7 years. This is an example of young officers not taking their duty as officers of the law seriously. This type behavior should not be tolerated.

11). Police misconduct Statute: pursuant to 18 U.S.C. §242 it states whoever under color of any law... Willfully subjects and person... to the deprivation of any rights, privileges, or immunities secured or protected by the constitution or laws of the United States {shall be guilty of a crime". See Screws V. united States 325 U.S.91 (1945).

1). that the defendant deprived a victim of a right protected by the constitution or law in the United States. 2). that the defendant acted willfully and 3). The defendant was acting under the color of law.

12) Most important is the case @ "Miller V. Whaley 581 S.W. 2d 916 Appeal from the Circuit Courts Affirmation of a determination by the board of police commissioners of the City of St. Louis Metropolitan police Department, failed to file a required police report of an incident and, when commanded to file a report several days after the incident, filed a false report. The Board assessed each a loss of 40 hours accumulated court and/or overtime on

each of two charges. And designated each such punishment to run concurrently"; it continues,

"The inspector of the St. Louis metropolitan Police department charged appellants with violations of rule 3, §3, 108(i) and rule 9§ 9.015 of the police manual (published July 1, 1970), Rule 3, subsection 3,108(i) provides, in applicable part, that the offenders shall make reports, in conformity with established procedures, on all matters that come to his attention that require reporting." Rule 9, §9.015 of the police manual provides, in applicable part, that {f}ales reporting shall not be tolerated." All officer's involved with this particular case clearly false reported.

POINTS RELIED ON:
1) Failure to report: Snippets of the fact is the creation of a false report see Miller vs Whaley 581 SW 2d 916
2) Officer's failure to take viable information regarding video footage from two churches in direct view of 4016 Cottage.
3) Failure to enter the premise to witness 1st hand the damages that were incurred

15

4) Failure to seek warrants for Ashley Edwards, boyfriend Reno Edmond and cousin Willie Howell when informed they had taken the Plaintiff's stove, refrigerator, and four AC window units days prior to the eviction, and that the home was broken into almost immediately after the eviction on November 9, 2021 to retrieve a left behind micro wave oven and the remaining AC window unit that did not belong to them.

5) Abuse of Authority for failure to follow directives written in the handbook policy and procedure issued to all officers; and failure to exercise a sound discretionary call.
6) Police misconduct (18 U.S.C§ 242)
7) False reporting Missouri Revised Statute 565.222
8) Deprivation under the color of law
9) Obstruction of justice
10) Officer Hill failure to file a supplemental police report
11) Unnamed sergeant fail to write a supplemental police report.

CONCLUSON:
It was like Mr. Futrell and his wife were in a nightmare witnessing a horrific tornado hitting plaintiffs home five consecutive days ripping through the house leaving no rugs unturned; this worst the day of their life occurring on their 30th anniversary; This lawsuit is meritorious due to the preponderance of the evidence. There is absolutely no defense nor dispute to rationalize the police misconduct violating multiple laws in one assignment. Police are trained to write thorough and descriptive reports and how to respond to a crime scene.

Surely the training didn't include leaving the scene of a crime before completing every essential step in the investigation before abandoning a crime scene leaving the victim even more distressed... The bad actor choreographs the first police report so it would appear as though the appliances weren't missing until the day after the eviction when in fact the appliances were taken prior to the break in.

16

Mr. Futrell believe the report was written this way because it would have warranted an arrest the same day if the appliances were known to be taken prior to the burglary instead of the police report written that eludes one to believe it happened the day of the burglary which wouldn't conclusively provide a good theory who the culprits were responsible. This deliberate recklessness was done knowingly and willingly with the intent to rebel against authority. This type of nonsensical behavior must not be tolerated. If not corrected this will definitely send the wrong message to the people, police officers and our future officers of the law; police are considered as civil servants held to a high esteem. The Plaintiff is hopeful this court will render a landmark decision that changes the dynamics of police accountability with relations to more stringent policies, better reporting and better policing.

Meet the press painted the picture that describe Plaintiff Hypothesis: The United States made Putin back off because they kept the light shining on his every move; The same would have been possible in the case of Edgar Futrell v. Ashley Edwards the tenant who had her friends to take the appliance prior to moving out of the home. If the police would have not necessarily arrested her but simply pulled her in for questioning would have created a subliminal message "Their watching" and got discouraged to continue breaking in to the premise. The outcome would have been different if the police wouldn't improvise a false police report...

Officer's mailing address for Tony Porter, John Hayden-Chief, and Detective. Adam Notch, Police Officer Aboubmkr Omar Ahmad, Police Officer Hill Deontee, and officer Nathanial Talley is located at Metropolitan Police department 1915 Olive Street, St. Louis Missouri 63103.

17

**Relief Sought:**

The plaintiff prays this court will not depreciate the value of this complaint and grant monetary and punitive damages. grant relief that sends a loud message to the police department that this behavior will not be tolerated under no circumstances, granting the plaintiff 250,000.00 dollars for monetary and punitive damages; in addition all police officers involved be terminated from the force. It is mind blowing to witness police officers playing a kid game of tug a war with the prosecuting attorney whom happen to be responsible for prosecuting cases that violate citizens equal protection of the law governed by our constitution, they are committing this alarming treason for no just cause; on that note Plaintiff hope this will grant whatever it deems just and proper.

## AFFIDAVIT

I the plaintiff Edgar Futrell swear and depose on this day 23 month 02 and year 2022 all the content is true and correct to the best of my knowledge and understanding. That plaintiff understands the penalties of perjury; if deliberate misleading information is included in this complaint there are penalties.

Respectfully Submitted

Edgar Vernell Futrell _(signature)_

> **DAKSHA D DESAI**
> Notary Public - Notary Seal
> STATE OF MISSOURI
> Comm. Number 17868077
> St. Louis County
> My Commission Expires: May 23, 2023

Notary public seal: _____

Notary public signature: _(signature)_

## CERTIFICATE OF SERVICE

I Edgar Futrell mailed to the federal district court clerk a lawsuit against the St. Louis city Police department on this day 24 month 02 and year 2022 via certified mail.

Edgar Futrell-Pro se
9738 Duke Dr.
St. louis Missouri 63136
(314) 359 4133
E mail edgar.futrell@yahoo.com

_(signature)_

18